UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SOUKSAKHONE PHAKNIKONE, Petitioner | CIVIL DOCKET NO. 1:20-CV-366-P |
| VERSUS | JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Souksakhone Phaknikone ("Phaknikone") (#58940-019). Phaknikone is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Phaknikone challenges his conviction and sentence for unlawful possession of a firearm.

Because Phaknikone cannot meet the requirements of the savings clause of 28 U.S.C. § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. Background

Phaknikone was charged with seven counts of armed bank robbery, 18 U.S.C. § 2113(a), (d), seven counts of carrying a firearm in relation to a crime of violence, § 924(c), and one count of possession of a firearm by a convicted felon, § 922(g)(1). *United States v. Phaknikone*, 605 F.3d 1099, 1103 (11th Cir. 2010). The jury found Phaknikone guilty on all 15 counts of the indictment. *Id.* at 1106-07. Phaknikone

was sentenced to 2,005 months of imprisonment. *Id.* at 1107. Phaknikone's conviction and sentence were affirmed. *Id.; cert. denied*, 562 U.S. 1066 (2010).

Phaknikone filed a motion to vacate under 28 U.S.C. § 2255, which was denied. *Phaknikone v. United States*, 1:07-CR-150, 2012 WL 4465021, at *1 (N.D. Ga. Sept. 24, 2012). Phaknikone sought authorization to file a second or successive § 2255 motion, which was denied by the United States Court of Appeals for the Eleventh Circuit. *Id.* at 181.

Phaknikone then filed a Motion to Reduce Sentence Pursuant to The First Step Act of 2018, which was denied. *United States v. Phaknikone*, 1:07-CR-150 (N.D. Ga.) ECF No. 182, 184.

Phaknikone now challenges his conviction and sentence as to Count 15, Possession of a Firearm by a Convicted Felon, for which he was sentenced to 120 months of imprisonment, to run concurrently with the 121 months of imprisonment imposed for Counts 1, 3, 5, 7, 9, 11, and 13. *Id.* at 122 at 2. Specifically, Phaknikone claims that he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019)[1].

---

[1] In *Rehaif*, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend college, but was dismissed for poor grades. *Id.* at 2194. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. *Id.* The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the petitioner's visit to the firing range, the Government prosecuted him for possessing firearms as an alien unlawfully present in the United States under 18 U.S.C. § 922(g) and § 924(a)(2). After being convicted, the United States Supreme Court ultimately granted certiorari and held that, in a prosecution under § 922(g), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm. *Id.* at 2195.

II. <u>Law and Analysis</u>

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner

bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The requirements of the savings clause of § 2255(e) were established in *Reyes–Requena*. A petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904; *Robinson v. United States*, 812 F.3d 476, 477 (5th Cir. 2016).

Phaknikone argues that he may proceed under the savings clause of § 2255(e) because *Rehaif* announced a new rule of statutory law that applies retroactively. Although the Supreme Court and the United States Court of Appeals for the Fifth Circuit have not addressed whether *Rehaif* is retroactively applicable to cases on collateral review, the Eleventh Circuit and numerous district courts — including courts within the Fifth Circuit —have determined that *Rehaif* is not retroactively applicable. *See* In re *Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* was not made retroactive to cases on collateral review); *Kelley v. United States*, 3:18-CV-00908, 2020 WL 1876049, at *10 (M.D. Tenn. Apr. 15, 2020) (same); *Erby v. Breckon*, 7:18-CV-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar. 24, 2020) (same); *Williams v. Underwood*, 3:19-CV-2043, 2020 WL 1866895, at *2 (N.D. Tex. Mar. 17, 2020), *report and recommendation adopted*, 2020 WL 1862576 (N.D. Tex.

Apr. 14, 2020); *Hobgood v. United States*, 4:20-CV-1, 2020 WL 710149, at *2 (E.D. Tenn. Feb. 12, 2020) (same); *Hunter v. Quintana*, 5:19-CV-300, 2020 WL 50399, at *2 (E.D. Ky. Jan. 3, 2020) (same); *Nixon v. United States*, 4:19-CV-747, 2019 WL 6498088, at *3 (N.D. Tex. Dec. 3, 2019) (same); *Robbins v. Warden, FCI Beaumont*, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. Oct. 30, 2019) (Petitioner cannot meet requirements of *Reyes-Requena* through *Rehaif*); *Moss v. Dobbs*, 8:19-CV-02280, 2019 WL 7284989, at *7 (D.S.C. Sept. 23, 2019), *report and recommendation adopted*, 2019 WL 5616884 (D.S.C. Oct. 31, 2019).

Because *Rehaif* is not retroactively applicable to cases on collateral review, Phaknikone cannot meet the first requirement of the savings clause.

### III. Conclusion

Because Phaknikone cannot meet the requirements of the savings clause of § 2255(e), IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Phaknikone's claim.[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond

---

[2] *Pack*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 29th day of May 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE